IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JODY FINEFROCK, JULIA** | : | **Civil No. 1:16-cv-1221** |
| **FRANCIS, and SUSAN BARNINGER,** | : | |
| **individually and on behalf of a** | : | |
| **collective of others similarly-situated,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FIVE GUYS OPERATIONS, LLC,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

In this employment action, three female restaurant managers assert, *inter alia*, both individual and collective violations of the Equal Pay Act, claiming that they were paid less than male restaurant managers by Defendant Five Guys Operations, LLC. Presently before the court is Defendant's motion to dismiss Plaintiffs' claims under the Equal Pay Act. For the reasons that follow, the motion to dismiss will be denied.

## I.   Background

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for the purposes of the motions *sub judice*, the court only considers the allegations contained in the complaint (Doc. 1), and will accept as true all well-pleaded factual allegations contained

therein. *See Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Capogrosso v. Superior Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009)).

A.    **Facts**[1]

Between 2009 and 2015, Plaintiffs Jody Finefrock, Julia Francis, and Susan Barninger (collectively, "Plaintiffs") were, respectively, restaurant-level employees and general managers of Five Guys restaurants within the Middle District of Pennsylvania. (Doc. 1, ¶¶ 2-4.) Defendant Five Guys Operations, LLC ("Defendant") owns and operates more than one thousand Five Guys restaurants in the United States, including the restaurants at which Plaintiffs worked. (*Id.* at ¶ 1.)

According to the complaint, Defendant maintains strict, centralized control over employees at its corporate-owned restaurants, including decisions regarding hiring and wages. (*Id.* at ¶ 14.) Defendant's centralized control is enforced through a rigid hierarchical structure at the restaurant level, whereby crew members at individual restaurants report to shift leaders, who then report to an assistant general manager, who in turn reports to the general manager. (*Id.* at ¶¶ 14-15.) Moving above the restaurant level, general managers report directly to a district manager, which typically oversee ten to fifteen restaurants within a geographic region. (*Id.* at ¶16.) Those district managers then report directly to an area manager, who reports

---

[1] As Defendant has only moved to dismiss Count I of the complaint, which contains Plaintiffs' collective action claim under the Equal Pay Act, the court details an abbreviated version of the facts containing only those allegations which are relevant to Count I.

to Defendant's Chief Financial Officer, who is one of Defendant's top executives. (*Id.*) District and area managers, who are predominantly male, determine the labor budgets and wage rates for employees within their region based on instructions from Defendant's executives. (*Id.* at ¶ 17.)

Plaintiffs allege that they were paid less than male employees who held the same positions and performed the same work at every restaurant-level position from crew member up to general manager pursuant to Defendant's systematic and willful gender discrimination. (*Id.* at ¶¶ 17-20.) The complaint alleges that Ms. Finefrock was paid $7.61 per hour as a crew member, while a male crew member in her restaurant was paid $8.00 per hour. (*Id.* at ¶ 23.) Upon her promotion to shift leader, Ms. Finefrock was paid $8.00 per hour while that same male colleague, who had also been promoted to shift leader, was paid $9.50 per hour. (*Id.* at ¶ 24.) The pay disparity only grew as Ms. Finefrock earned yet another promotion to assistant general manager, as she was paid an annual salary of $30,000 while a male colleague she was asked to train as an assistant manager garnered a $35,000 salary, as did another male assistant general manager at a different Five Guys restaurant. (*Id.* at ¶¶ 27, 29.) When Ms. Finefrock was promoted to general manager of Five Guys restaurant number sixty-two in York, Pennsylvania, her initial salary was $38,000, while a contemporaneously promoted male general manager at another Five Guys restaurant was given a starting salary of $40,000.

(*Id*. at ¶¶ 30-31.)[2] Ms. Finefrock was paid a lower salary even though her restaurant consistently exceeded Defendant's corporate evaluation standards.

### B.   Procedural History

Plaintiffs initiated this action by filing a complaint on June 21, 2016, asserting individual and collective actions pursuant to the Equal Pay Act, 29 U.S.C. § 216(b) and 255(a) (Count I), as well as individual employment retaliation claims pursuant to both the Equal Pay Act and Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) (Counts II & III) against Defendant. (*See* Doc. 1.) On August 12, 2016, Defendant responded by filing both an answer to the complaint (Doc. 17) and a motion to dismiss Count I. (Doc. 18.) Defendant submitted a brief in support of its motion on August 26, 2016 (Doc. 22), Plaintiffs filed their opposition on September 12, 2016 (Doc. 23), and Defendant timely replied (Doc. 24). Thus, the motion has been fully briefed and is ripe for disposition.

## II.   Legal Standard

Defendant has moved to dismiss Count I of the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which

---

[2] Plaintiffs Julia Francis and Susan Barninger allege similar pay disparities to male employees holding the same position and performing similar work to them as alleged by Ms. Finefrock. (*See id*. at ¶¶ 40-42, 49.) For the sake of brevity, the court has omitted a recitation of those facts because the factual allegations regarding Ms. Finefrock are sufficient for purposes of resolving the instant motion to dismiss.

4

requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

## III.   Discussion

Count I of Plaintiffs' complaint asserts both individual and collective violations of the Equal Pay Act, 29 U.S.C. § 216(b) and 255(a)(3), based on Defendant's allegedly willful practice of paying female employees less than male employees performing similar work. (*See* Doc. 1, Count I.) Defendant has moved to dismiss, and offers two arguments that support dismissal: 1) that Plaintiffs have failed to adequately plead that separate Five Guys restaurants are a single establishment for purposes of the Equal Pay Act; and 2) that Plaintiffs have failed to name specific male comparators who allegedly received higher pay. (*See* Doc.

22, pp. 3-7.) Plaintiffs, on the other hand, contend that they have pleaded the necessary facts for their Equal Pay Act claim to proceed and that the motion to dismiss stage is too early to make the establishment determination. (*See* Doc. 23.)

In order to plead a claim for violation of the Equal Pay Act, a plaintiff must allege that she (1) was paid less than male employees, (2) within an establishment, (3) for work "requir[ing] equal skill, effort, and responsibility, and which [is] performed under similar working conditions." *See* 29 U.S.C § 206(d)(1); *see also Delprato v. Day Chevrolet Inc.*, 427 F. App'x 86, 89 (3d Cir. 2011). The regulations applicable to the Equal Pay Act define an "establishment" as "a distinct physical place of business rather than [] an entire business or 'enterprise' which may include several separate places of business. Accordingly, each physically separate place of business is ordinarily considered a separate establishment." 29 C.F.R. § 1620.9(a). However, the regulations also provide that:

> unusual circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment. For example, a central administrative unit may hire all employees, set wages, and assign the location of employment; employees may frequently interchange work locations; and daily duties may be virtually identical and performed under similar working conditions.

29 C.F.R. § 1620.9(b); *see also Grover v. Smarte Carte, Inc.*, 836 F. Supp. 2d 860, 867-68 (D. Minn. 2011) (collecting cases and stating that "there are circumstances under which separate locations within an organization may be deemed one

'establishment' for purposes of the EPA. Specifically, courts consider whether there is central control of job descriptions, salary administration, and assignment of job functions.") (citations omitted).

Whether an employer maintains centralized control is the most critical question to be answered in determining whether multiple physical locations or branches of the employer should be considered a single establishment for purposes of an Equal Pay Act claim. *See, e.g.*, *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 592 (11th Cir. 1994) (reversing district court's determination that multiple locations did not constitute a single establishment based on the centralized control exerted by the employer); *Brobst v. Columbus Servs. Int'l*, 761 F.2d 148, 161 (3d Cir. 1985) (recognizing that a single establishment could be found where "employees are centrally hired and assigned to places of employment [and] whose rates of compensation are also centrally determined") (citing *Brennan v. Goose Creek Consol. Indep. Sch. Dist.*, 519 F.2d 53, 57-58 (5th Cir. 1975)) (holding that different schools were one establishment where school district made central hiring decisions, pay determinations, and work schedules).

In the complaint, Plaintiffs allege that Defendant runs its restaurants in a strict top down hierarchical structure, with centralized control over its employees, which includes hiring and wage decisions." (Doc. 1 at ¶ 14.) Plaintiffs further allege that instructions to area and district managers regarding wage rates and labor

budgets come directly from Defendant's Chief Financial Officer. (*Id*. at ¶¶ 16-17.) At this early stage of the litigation, the court finds that Plaintiffs have met their burden of alleging facts that support a plausible claim for relief. The fact intensive question of whether an employer maintains sufficient centralized control over different locations so that they constitute a single establishment under the Equal Pay Act is simply not appropriately answered at the motion to dismiss stage. *See Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO (AFSCME) v. Cty. of Nassau*, 609 F. Supp. 695, 706 (E.D.N.Y. 1985) (denying motion to dismiss and stating that previous courts to consider the establishment issue "determined the relevant establishment after carefully analyzing the detailed facts presented at trial or in conjunction with a motion for summary judgment."). Accordingly, the court will not dismiss Plaintiffs' Equal Pay Act claim for failure to adequately plead that separate Five Guys restaurants could plausibly be considered a single establishment.

Defendant next argues that Count I should be dismissed because Plaintiffs have not named the male comparators that they claim earned higher wages. As part of establishing a *prima facie* violation of the Equal Pay Act, Plaintiffs "must identify a particular male 'comparator' for purposes of the [claim], and may not compare [themselves] to a hypothetical or 'composite' male." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 948 (4th Cir. 1995) (quoting *Houck v. Va.*

*Polytechnic Institute & State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993)). Here, Ms. Finefrock alleged in the complaint the existence of at least two particular males that held the same positions she did in Defendant's restaurants and who were paid higher wages than her for the same work. Although the complaint does not include the males' names, it refers to particular, rather than composite or hypothetical, male comparators. Thus, the court finds that Plaintiffs have sufficiently pleaded facts necessary to support a *prima facie* claim under the Equal Pay Act. Furthermore, cases requiring plaintiffs to identify a particular male comparator have done so either at summary judgment or an even later stage of the litigation. *See Strag*, 55 F.3d at 948 (affirming grant of summary judgment dismissing plaintiff's claim for failing to establish *prima facie* Equal Pay Act claim); *Houck*, 10 F.3d at 206 (noting plaintiff's failure to identify a particular male comparator in existence based on the trial record). As with Defendant's single establishment argument, the court finds that the motion to dismiss stage is a premature point at which to scrutinize Plaintiffs' allegations regarding male comparators.

## IV.   <u>Conclusion</u>

For the reasons stated herein, the court finds that Plaintiffs have adequately alleged that particular males in Defendant's restaurants were paid more than Plaintiffs for performing similar work. These facts, at this early stage of the litigation, support Plaintiffs' claims pursuant to the Equal Pay Act contained in

Count I of the complaint. Accordingly, Defendant's motion to dismiss will be denied.

  s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 31, 2017